**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jay Hansford C. Vest,

Plaintiff,

vs.

Minnesota State University, Mankato, and Minnesota Indian Affairs Council,

Defendants.

Civil File No. 00-CV-2761 MJD/SRN

**CONFIDENTIALITY ORDER TO ALLOW DISCLOSURE**

The above-entitled matter came on for consideration before this Court on the 31st day of July, 2001, upon a Stipulation by the parties in this action. The parties seek a Confidentiality Order pursuant to their Stipulation, allowing for the use, in the litigation of this lawsuit, of various documents, records, and other materials now protected by the Minnesota Government Data Practices Act ("MGDPA") and other applicable law. The parties also seek a Confidentiality Order to enable Defendants to comply with discovery requirements and discovery requests by plaintiff, under the terms and conditions stipulated and agreed to in their Stipulation and set forth in this Order, at paragraph 2 below.

In this instance, Plaintiff is Pro Se and resides at 6 Stryker Lane, Clinton, NY 13323. Defendants are represented by David W. Merchant, Assistant Attorney General, 1100 NCL Tower, 445 Minnesota Street, St. Paul, Minnesota 55101.

This Court finds that the parties' request for a Confidentiality Order in accordance with their Stipulation is reasonable under the circumstances. This Court also finds that the parties' agreements, as set forth in their Stipulation, satisfy the Court's concern that there be continued protection of protected data. Therefore,

JUL 31 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IT IS HEREBY ORDERED THAT:

1. Discovery of private and confidential personnel data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the MGDPA or other applicable law, which has been or may be sought by plaintiff as a result of discovery, will be discoverable under the terms and conditions set forth in paragraph 2 below. Herein such information shall be called "confidential information."

2. Discovery of confidential information will be subject to the following conditions:

a. Plaintiff and his experts will be the only persons to review the documents containing the confidential information; they shall not share the social security numbers, residential addresses and telephone numbers or names of any Defendants' employees, spouses or children with anyone;

b. The confidential information will be used solely in connection with the above-entitled litigation. Except as provided by the terms of this Confidentiality Order, confidential information will be kept confidential by plaintiff, and those persons identified in paragraph 2(c), who receive confidential information.

c. The confidential information will not be disclosed by plaintiff during the course of trial preparation. Plaintiff agrees to be bound by the terms of the protective order, and also agrees on behalf of the following qualified individuals that, prior to disclosure, they must sign an affidavit agreeing to be bound by the terms of the Confidentiality Order:

i. Independent experts or consultants working with the plaintiff; and

ii. Other persons, including deponents, whose assistance is required by plaintiff in conducting this litigation; and

d. If the individuals identified in paragraph 2.c.i. and 2.c.ii. refuse to execute an affidavit indicating their willingness to be bound by this Confidentiality

Order, then plaintiff agrees not to disclose any confidential documents protected by this Confidentiality Order (and the corresponding Stipulation) to these individuals until or unless such an affidavit is obtained.

e. The provisions contained in paragraph 2.c.i. and 2.c.ii. do not preclude Defendants' counsel from objecting to the use of and/or admissibility of any confidential information disclosed to "other persons, including deponents," set forth in Paragraph 2.c.ii. of this Order (and in the corresponding Stipulation) and from requiring that the plaintiff obtain an *in camera* review of such documents prior to his use and/or admission as evidence in this matter; and

f. Confidential information submitted to the Court before trial in this matter will be kept private and under seal; and

g. Plaintiff is required to return any and all copies of documents containing confidential information to counsel for Defendants within ninety (90) days of the close of this litigation; and

h. To the extent that plaintiff creates and/or drafts documents containing confidential information, the plaintiff shall destroy such documents within one year of the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information will be erased or destroyed. Plaintiff will provide Defendants' counsel with an affidavit stating that the destruction of the documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred.

3. Defendants shall produce for inspection any discoverable documents containing the confidential information requested by plaintiff at either the Office of the Attorney General or at Defendants' designated office at a reasonable time(s) mutually agreed to by the parties and arranged in advance of said inspection, or by other means determined by Defendants' counsel.

4. Nothing in this Confidentiality Order shall be construed as limiting the use of confidential information at a trial concerning this matter, or in any motion hearing or motion papers, and the use of confidential information shall be determined by the Court after the data is first submitted under seal for review by the Court.

5. If the plaintiff believes that data disclosed pursuant to this Confidentiality Order should not be characterized as confidential information, then he may request by motion to this Court that the data be declared not confidential.

6. Should modification(s) of this Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the Court for consideration of their proposed change(s).

7. The Clerk of Court shall mail a copy of this Order to counsel for the Defendants and the plaintiff.

BY THE COURT:

Dated: July 31, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

AG: 495390,v. 01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jay Hansford C. Vest,

Plaintiff,

vs.

Minnesota State University, Mankato, and Minnesota Indiana Affairs Council,

Defendants.

Civil File No. 00-CV-2761 MJD/SRN

**STIPULATION FOR A CONFIDENTIALITY ORDER TO ALLOW DISCLOSURE**

WHEREAS, plaintiff has sought and may seek discovery of private and confidential data, including but not limited to possible personnel data, on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the Minnesota Government Data Practices Act ("MGDPA") or other applicable law; and

WHEREAS, such private and confidential data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the MGDPA or other applicable law, may be necessary to fully litigate this matter, including but not limited to its use by the parties at trial or at any motion hearing or in any motion papers, or by independent experts or consultants for the parties; and

WHEREAS, defendants Minnesota State University, Mankato and Minnesota Indiana Affairs Council ("Defendants"), have agreed not to use the above-referenced statutory and other classifications as a basis for not producing relevant documents, records, and other materials now protected from such disclosure;

IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, that it is necessary to obtain a confidentiality order to allow disclosure by the Court, which includes the terms and conditions set forth herein:

Discovery of private and confidential personnel data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, and data that may otherwise be considered nonpublic, private or confidential under the MGDPA or other applicable law, which has been and may be sought by plaintiff as a result of discovery requirements will be discoverable under the terms and conditions set forth in paragraph 1 below. Herein such information shall be called "confidential information".

1. Discovery of confidential information will be subject to the following conditions:

    a. Plaintiff and his experts will be the only persons to review the documents containing the confidential information; plaintiff and his experts will not share with anyone the social security numbers of Defendants' employees,[1] their spouses, or their children; plaintiff and his experts shall not share with anyone the residential addresses and telephone numbers of any Defendants' employees, their spouses or their children; nor shall plaintiff and his experts share the names of any such Defendants' employees' spouses or children with anyone.

    b. The confidential information will be used solely in connection with the above-entitled litigation. Except as provided by the terms of the Confidentiality Order, confidential information will be kept confidential

[1] Defendants' employees are defined to include current and former employees.

by plaintiff, and those persons identified in paragraph 1(c), who receive confidential information.

c. The confidential information will not be disclosed by plaintiff during the course of trial preparation. Plaintiff agrees to be bound by the terms of the protective order and also agrees on behalf of the following qualified individuals that, prior to disclosure, they must sign an affidavit agreeing to be bound by the terms of the Confidentiality Order:

i. Independent experts or consultants working with plaintiff; and

ii. Other persons, including deponents whose assistance is required by the plaintiff in conducting this litigation; and

d. If the individuals identified in paragraph 1.c.i. and 1.c.ii refuse to execute an affidavit indicating their willingness to be bound by the Confidentiality Order, then plaintiff agrees not to disclose any confidential documents protected by this Stipulation (and the corresponding Confidentiality Order) to these individuals until or unless such an affidavit is obtained.

e. The provisions contained in paragraph 1.c.i and 1.c.ii. do not preclude Defendants' counsel from objecting to the use of and/or admissibility of any confidential information disclosed to "other persons, including deponents," set forth in Paragraph 1.c.ii of the Stipulation (and in the corresponding Confidentiality Order) and from requiring that the plaintiff obtain an *in camera* review of such documents prior to their use and/or admission as evidence in this matter.

f. Confidential information submitted to the Court before trial in this matter will be kept private and under seal; and

g. Plaintiff is required to return any and all copies of documents containing confidential information to counsel for defendants within ninety (90) days of the close of litigation in this matter.

h. To the extent that plaintiff creates and/or drafts documents containing confidential information, the plaintiff shall destroy such documents within one year or the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information will be erased or destroyed. Plaintiff will provide Defendants' counsel with an affidavit stating that the destruction of the documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred.

2. Defendants shall produce for inspection any discoverable documents containing the confidential information requested by plaintiff at either the Office of the Attorney General or at Defendants' designated office(s) at a reasonable time(s) mutually agreed to by the parties and arranged in advance of said inspection, or by other means as determined by Defendant's counsel.

3. Nothing in this Stipulation and the Confidentiality Order shall be construed as limiting the use of confidential information at a trial concerning this matter, or in any motion hearing or motion papers, and the use of confidential information shall be determined by the Court after the data is first submitted under seal for review by the Court.

4. If the plaintiff believes that data disclosed pursuant to this Stipulation and the Confidentiality Order should not be characterized as confidential information, then he may request by motion to the Court that the data be declared not confidential.

5. Upon execution of the Confidentiality Order, a copy of that Order shall be sent to counsel for the Defendants and the plaintiff.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation will not estop Defendants from making any other defense objections, or exception otherwise available to any discovery or disclosures in this case.

IT IS FURTHER STIPULATED AND AGREED that should modification(s) of the Confidentiality Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the court for consideration of their proposed change(s).

Dated: ____________________, 2001.

______________________________
DR. JAY VEST, *Pro Se*
Plaintiff

4. If the plaintiff believes that data disclosed pursuant to this Stipulation and the Confidentiality Order should not be characterized as confidential information, then he may request by motion to the Court that the data be declared not confidential.

5. Upon execution of the Confidentiality Order, a copy of that Order shall be sent to counsel for the State Defendant and the plaintiff.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation will not estop State Defendant from making any other defense objections, or exception otherwise available to any discovery or disclosures in this case.

**IT IS FURTHER STIPULATED AND AGREED** that should modification(s) of the Confidentiality Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the court for consideration of their proposed change(s).

Dated: 27 July, 2001.

DR. JAY VEST, *Pro Se*
Plaintiff

Dated: ____________, 2001.

MIKE HATCH
Attorney General
State of Minnesota

DAVID W. MERCHANT
Assistant Attorney General
Atty. Reg. No. 0163326

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 297-4217 (Voice)
(651) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANT

AG: 495358,v. 01

Dated: July 30, 2001.

MIKE HATCH
Attorney General
State of Minnesota

David W. Merchant
DAVID W. MERCHANT
Assistant Attorney General
Atty. Reg. No. 0163326

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 297-4217 (Voice)
(651) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANTS MINNESOTA STATE UNIVERSITY, MANKATO AND MINNESOTA INDIAN AFFAIRS COUNCIL

AG: 495358,v. 01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

# Please forward this announcement to the recipient of this fax.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500